MARTÍNEZ, DEMANDANTE Y APELANTE, *v.* JIMÉNEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en un caso sobre nulidad de actuaciones judiciales e inscripciones de documentos en el registro de la propiedad.

No. 1134.—Resuelto en julio 21, 1914.

EXCEPCIONES PREVIAS—FALTA DE CAUSA DE ACCIÓN—FUNDAMENTOS DE LA EXCEPCIÓN PREVIA.—La excepción previa fundada en el artículo 106 del Código de Enjuiciamiento Civil de que la demanda no aduce hechos suficientes para determinar una causa de acción, es suficientemente explícita en esa forma y no es necesario alegar los fundamentos en que descansa.

APELACIÓN—ERRORES FUNDAMENTALES—FALTA DE CAUSA DE ACCIÓN—FUNDAMENTOS IMPROCEDENTES DEL RECURSO.—Cuando se apela contra una sentencia que declara que la demanda no aduce hechos suficientes para determinar una causa de acción, aun cuando el único error alegado por el apelante sea insostenible, el tribunal debe examinar las alegaciones de la demanda, de acuerdo con la regla 43 de las de esta corte para ver si existe algún error fundamental.

FRAUDE—DEMANDA INSUFICIENTE—DEFECTOS SUBSANABLES.—Para que una demanda fundada en fraude sea suficiente, es necesario que los hechos que en ella se alegan sean de tal naturaleza que, tomándolos por ciertos, puedan justificar una sentencia condenatoria, lo que no ocurre en el presente caso en que la alegación de fraude está limitada a deducciones y suposiciones, y un defecto de esta naturaleza en la demanda puede subsanarse por medio de enmienda.

Los hechos están expresados en la opinión.

El apelante compareció por escrito en nombre propio.

Abogado de los apelados: *Sr. A. Blasco Pagán.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El presente recurso ha sido establecido por Víctor P. Martínez contra sentencia de la Corte de Distrito de Aguadilla dictada en grado de apelación con fecha 21 de febrero de 1914 por la que, decidiendo las excepciones opuestas a la demanda de que no aduce hechos suficientes para determinar una causa de acción y la de *res judicata,* resolvió que la ley está en favor de la primera de las excepciones alegadas y desestimó la demanda con las costas, autorizando, sin embargo, a la parte demandante para que pueda entablar nueva demanda de acuerdo con los términos de la opinión que dijo dictaría. En cuanto a la segunda excepción de cosa juzgada, la declaró sin lugar.

Aun cuando el apelante alega como el único error cometido, el que la corte inferior infringió el artículo 106 del Código de Enjuiciamiento Civil al admitir la excepción mencionada sin que se especificaran los motivos y fundamentos en que se basaba, sin embargo, ese motivo es insostenible porque según se dijo por esta corte en el caso de la *Liga de Propietarios* v. *La Ciudad de San Juan,* 14 D. P. R., 89, interpretando el artículo 106 que se dice infringido, idéntico a la sección 431 del Código de Enjuiciamiento Civil de California "una excepción previa fundada en 'que la corte no es competente para conocer, bien de las personas de los demandados o bien de la materia del pleito' y 'que la demanda no aduce hechos suficientes para determinar una causa de acción,' es suficientemente explícita, según las reglas de interpretación adoptadas por las cortes de California. *Ellisen* v. *Halleck,* 6 Cal., 387.''

Aun cuando el recurso no es sostenible por el error que se alega haber cometido la corte, sin embargo, como la apelación se ha interpuesto contra una sentencia que declara que la demanda no aduce hechos suficientes para determinar una causa de acción, se hace preciso que examinemos las alegaciones de la demanda, porque si es errónea, debemos conside-

rarla, de acuerdo con la regla 43 de las de esta corte, pues sería un error fundamental.

La demanda de Víctor P. Martínez está dirigida contra Juan Antonio Jiménez y Juan de Dios Torres y sus alegaciones sustanciales son: que el demandado Jiménez tenía suscrita una obligación a favor del causahabiente del demandante por $371.45 que se comprometió a pagarle el 30 de octubre de 1908 afectando a su cumplimiento sus bienes habidos y por haber; que a pesar de ese documento, ocultando ese gravamen y poniéndose de acuerdo los demandados y sus familiares, Juan de Dios Torres demandó a Juan Antonio Jiménez para que le pagara $500 que le había facilitado graciosamente y sin garantías, hechos que según el demandante, no pueden menos de ser simulados y engañosos, pues ni el Torres tenía posición para tales desembolsos ni es racional y lógico que él los hiciera sin interés y sin garantías; que en dicho pleito, cuya demanda no estaba jurada, presentó el demandado Jiménez una exposición jurada con fecha 20 de diciembre de 1909 solicitando que se dictase sentencia sin celebración de juicio a favor de Torres por la expresada suma y que con el fin de garantizarlos de circunstancias eventuales, dicha sentencia gravara y recayera sobre ciertos bienes que se relacionan en la demanda; que el mismo día 20 de diciembre de 1909 el juez dictó sentencia sin juicio condenando a Jiménez a pagar esa cantidad y disponiendo que se librara ejecución contra los bienes del deudor para satisfacerla, entendiendo el demandante que ese procedimiento no puede tener valor alguno porque se ocultó el gravamen anterior de Martínez, no se da fe del conocimiento de Jiménez en la diligencia del juramento de su exposición, ni se adujo evidencia para justificar la deuda ni las circunstancias eventuales por las que se garantizaba el crédito de Torres, de todo lo cual entiende que resulta la conspiración de los demandados para burlar los derechos del demandante; que el demandante dedujo demanda contra Jiménez por su acreencia y obtuvo sentencia favorable en 7 de marzo de 1910 y para satisfacerla el márshal anun-

ció la venta de los bienes a que se ha referido; que en 17 de marzo de 1910 fué inscrita en el registro de la propiedad la sentencia de 20 de diciembre de 1909; que Torres presentó una acción de tercería contra el demandante y contra Jiménez en 26 de Mayo de 1910 cuya diligencia de emplazamiento no manifiesta el sitio donde se verificó; que el apelante no pudo contestar esa tercería por causas ajenas a su voluntad y se dictó sentencia en 13 de junio de 1910 por la que se ordenó que Juan de Dios Torres recobrara con preferencia a Martínez su sentencia de los bienes afectos a ella, entendiendo el demandante que esa sentencia no puede tener valor porque se dictó sin constar el sitio donde se verificó el emplazamiento, sin el correspondiente juicio, por haberse condenado en costas a los demandados y además porque siendo el crédito de Martínez anterior al de Torres tenía derecho preferente; que en el juicio de Torres contra Jiménez se ordenó que el márshal vendiera los bienes embargados y con su resultado diese cuenta para lo que procediera y los bienes fueron vendidos y adjudicados a Juan de Dios Torres por su acreencia y las costas, otorgándosele la correspondiente escritura pública, entendiendo el demandante que esas diligencias no tienen valor alguno por ser consecuencias de un contrato nulo y de un procedimiento contrario a la ley; que apesar de esa venta Jiménez sigue en las fincas como dueño con el consentimiento de Torres y resulta insolvente para pagar la deuda del demandante.

En vista de esos hechos pidió que se anulase el contrato de préstamo entre Jiménez y Torres y también el pleito seguido entre ellos para su cobro y el de tercería de que se ha hecho referencia, la inscripción en el registro de la sentencia de 20 de diciembre de 1909 recaída a favor de Torres; que se declare nula la escritura de venta que otorgó el márshal y que las fincas mencionadas queden sujetas al pago del crédito del demandante.

El extracto que hemos hecho de la demanda revela que las nulidades que se pretenden descansan principalmente en el

hecho de que la deuda que Jiménez reconoció a favor de Torres era simulada y para defraudar los derechos del demandante, pero el solo hecho de que Torres demandara a Jiménez para el pago de una deuda no consignada en documento y de que éste reconociera la certeza de la deuda y relacionara bienes donde la sentencia pudiera hacerse efectiva, no es bastante para llegar a la conclusión de que se trataba de una reclamación simulada para defraudar a Martínez en sus derechos de acreedor de Jiménez, ni tampoco los errores de procedimiento que el juez y el márshal hayan podido cometer demuestran por sí solos el fraude.

La única alegación de fraude en la simulación de la deuda de Jiménez a Torres está hecha en tales términos que más bien parece una suposición del demandante que su afirmación de fraude, deduciéndolo de que no parece racional y lógico que se hiciera un préstamo sin interés y sin garantías. Si tal préstamo es simulado porque no se hizo la entrega del dinero que reclamaba Torres a Jiménez, ha debido esto alegarse afirmativamente y no en la forma de suposición que ha expuesto el demandante.

Para que una demanda fundada en fraude sea suficiente, es necesario que los hechos que en ella se aleguen sean de tal naturaleza que, tomándolos por ciertos, puedan justificar una sentencia condenatoria, lo que no ocurre en el presente caso en que la alegación de fraude está limitada a deducciones y suposiciones. Este defecto de la demanda puede subsanarse como lo ha reconocido el juez de la corte inferior al conceder permiso para presentar nueva demanda.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.